UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL JOHN GREEN**                                                  **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:12CV-358-S**

**JUDGE BRIAN C. EDWARDS**                                    **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Michael John Green filed the instant *pro se* action. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

Plaintiff filed his complaint on a court-approved form. Plaintiff sues Jefferson Circuit Court Judge Brian C. Edwards. As grounds for filing this case in federal court, Plaintiff states, "The Judge's ruling was 6 years passed the 15 year limitations, and using a family court statute in circuit court." He avers that Defendant violated his constitutional rights "by not allowing [Plaintiff] to fully voice his side of the civil case to the court. . . . IF [Plaintiff] tryed to speak, Judge Edwards would stop defendany by saying I said I'll MAKE judgemt in 30 days." Plaintiff also states that the commissioner, who is not a named Defendant in this action, likewise would not allow him to speak or question the opposing party's attorneys. He further states that Defendant "didn't like [Plaintiff's] hand written responds are motions, or lack of legal council, an attorney."

As relief, Plaintiff requests this Court to "get involved and invoke the Judgemt that Judge Edwards made for the Cross-Plaintiff." He also requests that the judgment be reversed in his favor and that his case be given "the same ruling as in Jefferson District Court–Small Claims Court by the Persiding Judge in 2010-2011." He also states the following in his prayer for relief: "That the Judge, Commissioner, Cross-Plaintiff's attorney and The Cross-Plaintiff for trying to get my attorney to force [Plaintiff] to hand home (HOUSE) in full, but would let [Plaintiff] live house."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff has failed to meet his burden as this case is barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 415). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

Plaintiff in the instant action requests this Court to "get involved and invoke the judgemt," to reverse the state court judgment, and to allow him to live in his house. The *Rooker-Feldman* doctrine is, therefore, directly applicable. Plaintiff is "asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void. Plaintiff's complaint is, therefore, subject to dismissal for lack of subject matter jurisdiction and fails to state a claim upon which relief may be granted." *McCroy v. New York Bank and Trust Co.*, No. 08-12701, 2008 U.S. Dist. LEXIS 51953, at *1 (E.D. Mich. July 07, 2008) (dismissing case under *Rooker-Feldman* doctrine where plaintiff sued bank after property was foreclosed on in state-court proceeding); *see also Zerod v. Caprathe*, 76 F. App'x 65, 67 (6th Cir. 2003) (per curiam) (holding that *Rooker-Feldman* doctrine barred plaintiffs' civil-rights complaint against state court judges attacking state judicial process which determined that they

no longer owned real property which the state had seized for nonpayment of taxes).  Thus, the

*Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction over Plaintiff's claim.

This action therefore must be dismissed *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3).

  The Court will enter an Order consistent with this Memorandum Opinion.

Date: August 2, 2012

            **Charles R. Simpson III, Judge**
            **United States District Court**

cc: Plaintiff, *pro se*
   Defendant
4411.010